IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Daquon Connor, | ) | Case No. 7:25-cv-13290-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Spartanburg County Sheriff's | ) | |
| Department, Deputy Jonathan H. | ) | |
| Thompson, Deputy Benjamin | ) | |
| McCombs, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 22.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

On April 17, 2026, the Magistrate Judge issued a Report recommending that Plaintiff's action be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [Doc. 22.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 6.] Plaintiff did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the

Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.,* 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. Additionally, on April 27, 2026, the Report, which had been mailed to Plaintiff's last known address, was returned as undeliverable. [Doc. 25.] Plaintiff has been warned to always keep the Court apprised in writing of his current address in the event that his address has changed:

> You are ordered to always keep the Clerk of Court advised in writing (United States District Court, Post Office Box 2317, Florence, South Carolina 29503) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

[Docs. 8 at 2–3; 20 at 2.] Because Plaintiff has failed to keep the Court apprised of his current mailing address, he has failed to prosecute this case and has failed to comply with the Orders of this Court. As Plaintiff has already ignored this Court's Orders and deadlines, sanctions less drastic than dismissal would not be effective.

2

Accordingly, this action is DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

<u>s/ Jacquelyn D. Austin</u>
United States District Judge

May 21, 2026
Greenville, South Carolina

## <u>NOTICE OF RIGHT TO APPEAL</u>

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.